IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02973-WYD-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

RAY WALKER,
UNIVERSAL PERSONNEL, and
ROD OLIVER,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Temporary Restraining Order and Freeze of Assets** [Docket No. 27; Filed February 28, 2011] (the "Motion"). Plaintiff, who is proceeding *pro se*, seeks unidentified injunctive relief and the freezing of $36,500.00 in assets held by Defendants during the pendency of the lawsuit. *Motion* [#27] at 6-7. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation. Although the time for Defendant's response has not yet expired, I need not wait for a response before resolving the Motion. *See* D.C.COLO.LCivR 7.1C. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion be **DENIED**.

    Plaintiff's lawsuit pertains to his alleged unlawful termination from Suncor Refinery by Defendants. The present Motion is not a model of clarity. However, given Plaintiff's *pro se* status, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S.

594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, although the Motion contains no specified form of injunctive relief, the Court assumes that Plaintiff is seeking reinstatement of employment or reclassification of his termination. To the extent that Plaintiff also requests the freezing of Defendants' assets, there is no assertion or evidence that Defendants have insufficient funds to satisfy a judgment or that there is anything particular about this dispute that would justify such a result. *See, e.g.*, *In re Qwest*, 243 F. Supp. 2d 1179, 1186-87 (D. Colo. 2003). Further, "pre-trial relief effectively impounding money is – and should be – extremely rare." *J&J Wehner, Inc. v. H&L Plating & Grinding, Inc.*, No. 05-cv-0481, 2007 WL 1021417, at *5 (S.D. Ind. Mar. 30, 2007) (noting that should asset freezes be available to plaintiffs with ordinary disputes, nothing would prevent any party from securing them based on their potential for post-trial gains). Accordingly, the Court does not consider this request further.

Fed. R. Civ. P. 65(a) and (b) governs preliminary injunctions and temporary restraining orders. I note that although Plaintiff's Motion requests a temporary restraining order, the request is not supported by affidavit as required by Rule 65(b). Morever, Defendants were given notice of the Motion. As such, "[w]here the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Comm'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (unpublished decision) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed.1995)).

A preliminary injunction is an extraordinary remedy that should only be granted when

the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Given the apparent relief that Plaintiff seeks, the relief sought would alter the status quo rather than preserve it and would also require Defendants to act. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that

"must be more closely scrutinized." *Id.* at 1261. Therefore, "the right to relief must be clear and unequivocal." *Id.* at 1258.

## I. Analysis

### A. Irreparable Injury

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. Dec. 17, 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm from any current conduct of Defendants. To the extent that his alleged injury stems from termination of his employment, Plaintiff has an adequate remedy at law, namely compensation for lost wages and/or other economic relief. *See Prairie Band of Potawatomi*

*Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).  Moreover, Plaintiff's conclusory assertion that Defendants' conduct has "caused major economic damage and hardship," fails to demonstrate harm that exceeds more than "merely serious or substantial" harm. *See Connecticut*, 282 U.S. at 674.  Given that Plaintiff has failed to allege irreparable injury, injunctive relief is subject to denial on this basis alone.  *See Dominion*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available).  In the interest of completeness, the Court also briefly addresses the remaining factors applicable to determine whether injunctive relief should be provided.

### B.   Balance of Harm and Public Harm

Plaintiff must also demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest."  *Schrier*, 427 F.3d at 1258.  Plaintiff does not address the balance of harm in his Motion and appears to assume that the Court can control Defendants' conduct with minimal impact to Defendants.  This assumption fails to take into account the important issue of the financial and logistical burdens imposed on Defendants if they were ordered to treat Plaintiff any differently.  Next, I note that Plaintiff fails to address the impact of an injunction on the public in this instance.  Accordingly, the Court finds that Plaintiff has failed to make the requisite showing regarding either factor for entry of injunctive relief.

### C.   Substantial Likelihood of Success on the Merits

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims.  *Schrier*, 427 F.3d at 1258.  Plaintiff's Complaint contains vague

references to Colorado employment and defamation law and the Federal and State Constitutions. *Amended Complaint* [#17-1] at 7. In relation to the present Motion, Plaintiff fails to specifically address whether he is likely to succeed on the merits of any of his underlying claims, except to note that it "should be obvious as to the unethical actions with the Defendants [sic] Company." *Motion* [#27] at 6.

First, Plaintiff has failed to sufficiently allege, at this stage, that he is likely to succeed on the merits of the claims asserted in his Complaint. *Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that conclusory allegations will not support a motion for injunctive relief).

Second, I note that in Plaintiff's underlying suit, he seeks only monetary damages, not injunctive relief. *See Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (noting that plaintiff fails to show substantial likelihood of success where he cannot provide "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief"). Because the purpose of injunctive relief is to preserve the status quo and prevent irreparable harm pending resolution of the lawsuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the [request] asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (10th Cir. 1994).[1]

---

[1] Even were the Court to also consider Plaintiff's request for an asset freeze on its merits, Plaintiff's Motion fares no better. Asset freezes imposed for purposes of securing a judgment ultimately obtained are governed by state law. *See* Fed. R. Civ. P. 64; *see also Nat'l*

I find that Plaintiff has failed to show that he has a substantial likelihood of success on the merits of his underlying claims. Accordingly, Plaintiff has failed to satisfy the four prerequisites for obtaining injunctive relief.

## II. Conclusion

For the reasons set forth above, I respectfully **RECOMMEND** that Plaintiff's Motion [#27] be **DENIED**. On this record, no hearing is required.[2]

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

---

*Union Fire Ins. Co. v. Kozeny*, 115 F. Supp. 2d 1231, 1239 (D. Colo. 2000). The six factors mandated by Colorado law are similar to the standard for injunctive relief analyzed above: (1) reasonable probability of success; (2) danger of irreparable harm, in certain circumstances; (3) availability of adequate remedy at law; (4) impact on the public; (5) balance of equities; and (6) preservation of status quo. *Nat'l Union*, 115 F. Supp. 2d at 1239. Based on the allegations as presently pled in the Complaint, the Court is not persuaded that there is a reasonable probability of success. As noted above, Plaintiff has also not shown that he is in danger of irreparable injury, that he lacks an adequate remedy at law, or that the public would not be adversely impacted. In addition, there is no credible assertion that the asset freeze is necessary to preserve the status quo. Finally, on this record, the Court is unable to conclude that the balance of equities falls in Plaintiff's favor.

[2] Rule 65(a) does not explicitly provide that an evidentiary hearing is required before ruling on a motion seeking injunctive relief. Injunctions may be denied without a hearing and based solely on the written evidence if "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2949, at 225-26 (2d ed. 1995); *see also Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (hearing unnecessary if movant cannot introduce sufficient evidence to justify granting the preliminary injunction). Specifically, the Court notes that the Tenth Circuit does not require the Court to hold an evidentiary hearing before denying injunctive relief. *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191 (table) (10th Cir. June 10, 1998). Whether a hearing should be held is a matter of the Court's discretion. *Id.*

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 8, 2011

                                                           BY THE COURT:

                                                           s/ Kristen L. Mix
                                                           United States Magistrate Judge
                                                           Kristen L. Mix