IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02973-WYD-KLM

RONALD J. NAGIM,

      Plaintiff,

v.

RAY WALKER,
UNIVERSAL PERSONNEL, and
ROD OLIVER,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Rule 12(b)(6) Motion to Dismiss**

**Plaintiff's Amended Complaint** [Docket No. 25; Filed February 28, 2011] (the "Motion to

Dismiss").   Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 29] in

opposition to the Motion to Dismiss on March 1, 2011.[1]  Defendants filed a Reply [Docket

No. 34] on March 18, 2011.  Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR

72.1C, the Motion to Dismiss has been referred to this Court for a recommendation

regarding disposition.  The Court has reviewed the pleadings, the entire case file, and the

applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

_____

[1]Plaintiff has filed at least four other lawsuits in the State of Colorado. The first, Case No. 08-cv-01115-ZLW, was dismissed by this Court *sua sponte* based on failure to plead with specificity pursuant to Fed. R. Civ. P. 8 and improper venue. The second, Case No. 10-cv-00328-PAB-KLM, was also dismissed for improper venue. The third, Case No. 10-cv-01925-REB-KLM, was dismissed for lack of personal and subject-matter jurisdiction. The fourth, Case No. 09-cv-02428-PAB-KLM, has been recommended for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED in part** and **DENIED in part**.

## I. Summary of the Case

On December 8, 2010, Plaintiff's Complaint [Docket No. 2] was removed to this Court from the Seventeenth Judicial District Court in Adams County, Colorado. *Notice of Removal* [Docket No. 1].   On January 18, 2011, Plaintiff filed an Amended Complaint [Docket No. 17-1] in which he alleges the following claims:

(1) Defendant Walker (hereinafter "Walker") violated "42 U.S.C. § 2000e et seq. (a)(2)(3)," "the Colorado Constitution Section 3," and Colo. Rev. Stat. § 24-34-402 by antagonizing Plaintiff and creating a hostile work environment at the Suncor Refinery where Plaintiff was employed, *see Amended Complaint* [#17-1] at 2, 4 & 5;

(2) Walker defamed Plaintiff in violation of Colorado law by stating to Plaintiff's supervisor at the Suncor Refinery, Defendant Oliver (hereinafter "Oliver"), that "[Plaintiff] was a safety threat to the [Refinery], [and] his performance and capability [were] unprofessional," *id.* at 4;

(3) Walker violated Colo. Rev. Stat. §§ 24-34-402, 24-50.5-103, and 8-4-120 by making the allegedly slanderous and defamatory statement in retaliation for Plaintiff's filing of a formal harassment complaint regarding him on November 9, 2010, *see id.* at 8 ("These accusations were [in] fact made after the Formal Complaint made by Plaintiff [regarding Walker] and [were] all a retaliation against Plaintiff.");

(4) Walker's employer, Defendant Universal Personnel (hereinafter "Universal"), is liable for Walker's antagonism and creation of a hostile work environment, *see id.* at 6 ("Universal Personnel is responsible for their employees['] actions upon any job or workplace.  It is [their] responsibility to make sure that [their] employees act appropriately on the jobsite as to the conditions, rules and regulations within the workplace."); and

(5) Oliver violated Colo. Rev. Stat. §§ 24-34-402, 24-50.5-103, and 8-4-120 by assisting Walker in retaliating against Plaintiff for filing the formal complaint, *see id.* at 6 ("Mr. Oliver never once made any attempt to ask any questions, investigate the complaint or anything else."); *id.* at 7 ("Mr. Oliver took sides and ignored the formal complaint from Plaintiff of the harassment [by Walker], and assisted in the retaliation[.]").

The Court has gathered the following background facts from the parties' pleadings. At the time of the events alleged in the Amended Complaint, Plaintiff was employed by Global Management. *Motion to Dismiss* [#25] at 2 (citing *Amended Complaint* [#17-1] at 6). On or about September 1, 2010, Global Management contracted with Suncor Refinery to supply Plaintiff to work at the Refinery as a "Late Work Request Planner." *Id.* At that time, Suncor Refinery also had a labor supply contract with Universal. *Id.* Pursuant to this contract, Universal supplied Walker to work at the Refinery as a "Senior TA Planner." *Id.* Oliver was employed directly by Suncor as a "Turnaround Manager." *Id.*

Plaintiff alleges that Walker antagonized him and created a hostile work environment in an effort "to rid the Suncor Refinery of Plaintiff" and other Global Management employees. *Amended Complaint* [#17-1] at 1. Plaintiff suggests that this antagonism may have been motivated by the fact that Global Management and Universal are competitors. *Id.*; *see also Response* [#29] at 1 (describing Walker's alleged harassment as "a deliberate and direct attack on a person [who] was in fact not part of the Universal regime within Suncor Refinery and [who] was looked [upon] as an outsider"). On November 9, 2010, Plaintiff submitted a formal written complaint to Oliver regarding Walker's behavior. *Amended Complaint* [#17-1] at 6; *Response* [#29] at 9-10 (email sent from Plaintiff to Oliver and others on November 9, 2010 regarding Walker's "harassment on the jobsite"). Shortly thereafter, Plaintiff's employment at Suncor Refinery ended. As Defendants point out, it is unclear from the Amended Complaint whether "Plaintiff voluntarily left the job, or Suncor asked Plaintiff to leave, or Plaintiff's employer, [Global Management], terminated him." *Motion to Dismiss* [#25] at 3. However, Plaintiff states in his Response that he "was not terminated by Global Management," but "he was asked to leave the Refinery on grounds

-3-

of there being a physical altercation." *Response* [#29] at 2. The relationship between the alleged physical altercation and Plaintiff's harassment complaint is unclear from the pleadings.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton*

*v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's Amended Complaint [#17-1] and Response [#29], the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Defendants contend that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because "Plaintiff has asserted no viable cause of action under any Colorado employment law, for defamation, or any other claim." *Motion to Dismiss* [#25] at 3. The Court accepts the facts alleged in the Amended Complaint as true for the purpose of resolving the Motion to Dismiss, and it considers each of Plaintiff's five claims in turn. *See Mobley*, 40 F.3d at 340; *Motion to Dismiss* [#25] at 4 (stating that "Plaintiff's allegations are taken as true and are viewed in a light most favorable to [him]").

### (1)    Plaintiff's Harassment Claim Against Walker

Plaintiff alleges that Walker violated "42 U.S.C. § 2000e et seq. (a)(2)(3)," "the Colorado Constitution Section 3," and Colo. Rev. Stat. § 24-34-402 by antagonizing him

and creating a hostile work environment at the Suncor Refinery.[2]  *See Amended Complaint* [#17-1] at 2, 4 & 5.  In his Amended Complaint, Plaintiff provides only one specific example of Walker's alleged antagonism and creation of a hostile environment: Walker allegedly told Plaintiff that his "capabilities and performance were in fact a problem" and that he "would not be able to carry the work load."  *Id.* at 3; *see also id.* at 8 ("Mr. Walker created a hostile environment when he did in fact make a clear statement to [Plaintiff] as to the performance of Plaintiff.").  Plaintiff does not allege any other facts in support of his claim that Walker antagonized him and created a hostile work environment.

Defendants contend that Walker's alleged statement to Plaintiff does not constitute harassment or the creation of a hostile work environment as a matter of law.  *Motion to Dismiss* [#25] at 7.  They argue that Plaintiff "has failed to allege a *prima facie* case of harassment" because he has not alleged that Walker's statement "stemmed from animus toward him as a member of a protected class."  *Id.*  Defendants conclude that because Plaintiff's claim of harassment "does not arise from his membership in a protected class," it is not cognizable under Title VII or Colo. Rev. Stat. § 24-34-402.  *Id.* at 8.

The Court agrees with Defendants and finds that Plaintiff has not stated a cognizable harassment claim against Walker.  As an initial matter, Plaintiff's allegation that Walker violated "the Colorado Constitution Section 3," *Amended Complaint* [#17-1] at 3, is inadequate because the Colorado Constitution contains many sections numbered "3" under many different Articles.  Plaintiff does not specify the exact constitutional provision on which

---

[2] The Court notes that there is no subsection "(a)(2)(3)" in 42 U.S.C. § 2000e.  Thus, the Court construes Plaintiff's claim to be a general claim that Walker's alleged harassment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

his claim is based.  Accordingly, he has failed to state a cognizable state constitutional claim against Walker.

Plaintiff has also failed to state a claim under Colo. Rev. Stat. § 24-34-402 or Title VII.  To state a claim under either statute, a plaintiff must allege that he is a member of a protected class.  *See Bolden v. PRC, Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) ("General harassment if not racial or sexual is not actionable" under  42 U.S.C. § 2000e-2(a)(1)."); *Riske v. King Soopers*, 366 F.3d 1085, 1091 (10th Cir. 2004) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination." (internal quotation omitted)); *Colo. Civil Rights Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 399 (Colo. 1997) (noting that the language of Colo. Rev. Stat. § 24-34-402(1)(a) "closely parallels that of its federal counterpart, [42 U.S.C. §] 2000e-2(a)"); Colo. Rev. Stat. § 24-34-402(1) (defining "discriminatory or unfair" harassment as the creation of a hostile work environment "based upon an individual's race, national origin, sex, sexual orientation, disability, age, or religion").  Plaintiff has not alleged that Walker's statement to him (i.e., the statement that Plaintiff's "capabilities and performance were in fact a problem" and that Plaintiff "would not be able to carry the work load") was based upon or made because of his "race, national origin, sex, sexual orientation, disability, age, or religion."  *Amended Complaint* [#17-1] at 3.  Accordingly, the Court finds that Plaintiff's first claim should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### (2)    Plaintiff's Defamation Claim

Plaintiff alleges that Walker defamed him in violation of Colorado law by stating to his supervisor at the Suncor Refinery, Oliver, that "[he] was a safety threat to the [Refinery], [and] his performance and capability [were] unprofessional." *Amended Complaint* [#17-1]

at 4. Defendants contend that Walker's alleged statement to Oliver was not defamatory for the following reasons: (a) it does not "reach the level of causing 'public hatred, contempt or ridicule,'" *Motion to Dismiss* [#25] at 10 (quoting *Stump v. Gates*, 777 F. Supp. 808, 825 (D. Colo. 1991)); (b) Plaintiff has failed to plead that it was negligently made, *id.*; and (c) it is merely a statement of Walker's opinion which cannot be proven true or false, *id.* at 11-12. Defendants further contend that even if Walker's statement was defamatory, Walker is insulated from liability by a qualified privilege. *Id.* at 11. The Court addresses Defendants' contentions in turn.

### (a)    Severity of the Alleged Statement

Defendants contend that a statement cannot be defamatory unless it "'tends to subject a person to public hatred, contempt, or ridicule, or cause him or her to be shunned and avoided.'" *Id.* at 10 (quoting *Stump*, 777 F. Supp. at 825). Defendants argue that Walker's statement to Oliver that Plaintiff "was a safety threat to the [Refinery], [and] his performance and capability [were] unprofessional," *Amended Complaint* [#17-1] at 4, did not reach a defamatory level. *Id.*

To state a defamation claim sufficient to survive a motion to dismiss, a plaintiff does not need to specifically plead that a statement made about him subjected him to hatred, contempt, or ridicule or caused him to be shunned or avoided if the statement is defamatory *per se*. Whether a statement is defamatory *per se* "is a legal question to be determined as a matter of law by the Court." *Inter-State Detective Bureau, Inc. v. Denver Post, Inc.*, 484 P.2d 131, 133 (Colo. Ct. App. 1971). "To be [defamatory] *per se*, a statement 'must contain defamatory words specifically directed at the person claiming injury, which words must, on their face, and without the aid of intrinsic proof, be

unmistakably recognized as injurious.'" *Stump*, 777 F. Supp. at 826 (quoting *Lininger v. Knight*, 226 P.2d 809, 813 (Colo. 1951)); *Inter-State Detective Bureau*, 484 P.2d at 133 (when evaluating a statement which is said to be defamatory *per se*, the Court must interpret the statement alone "without the aid of inducements, colloquialisms, innuendos, and explanatory circumstances").  The traditional examples of statements that are defamatory *per se* are those that impute (1) commission of a criminal offense, (2) a loathsome disease, (3) a matter incompatible with the individual's business, trade, profession, or office, or (4) serious sexual misconduct.  *Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. Ct. App. 2004) (citations omitted).

In this case, Walker's alleged statement imputes to Plaintiff conduct that is "incompatible with [his] business, trade, [and] profession." *Id.*  Accordingly, the Court finds that Plaintiff has adequately pled that Walker made a statement that is defamatory *per se*. *See id.*; *cf. Meehan v. Amax Oil & Gas, Inc.*, 796 F. Supp. 461, 466 (D. Colo. 1992) (finding that statements by a company president that an employee had done a "bad" or "terrible" job were defamatory *per se*).

### (b)    Sufficiency of Pleading Negligence

Defendants contend that Plaintiff has failed to plead that Walker's alleged statement to Oliver was "negligently made." *Motion to Dismiss* [#25] at 10.  The Court disagrees. Plaintiff alleges that Walker told Oliver that he "was a safety threat to the [Refinery], [and] his performance and capability [were] unprofessional." *Amended Complaint* [#17-1] at 4. This statement implies that Walker knew facts about Plaintiff's job performance. *See infra* Part III(2)(c).  Plaintiff alleges that Walker actually had no facts to support his statement to Oliver and that he made the statement maliciously. *Amended Complaint* [#17-1] at 1

-9-

(alleging that Walker's statement to Oliver was "false and frivolous" and that Walker had "no real or actual proof whatsoever" to support the statement); *Response* [#29] at 1 (stating that Walker's statement "had nothing to do with [Plaintiff's] actions").  Given that Plaintiff is entitled to a liberal interpretation of his Amended Complaint, the Court finds that Plaintiff has sufficiently pled "fault amounting to at least negligence" on Walker's part.  *Motion to Dismiss* [#25] at n.6.

**(c)      Statement of Opinion**

Defendants contend that Walker's alleged statement to Oliver is not defamatory because it is merely a statement of Walker's opinion which cannot be proven true or false. *Motion to Dismiss* [#25] at 11-12.  A statement of opinion cannot be actionable defamation unless "'it implies the allegation of undisclosed defamatory facts as the basis for the opinion.'"  *Wedbush Morgan Sec., Inc. v. Kirkpatrick Pettis Capital Mgmt., Inc.*, No. 06-cv-00510-WDM-BNB, 2007 WL 678618, at *2 (D. Colo. March 1, 2007) (quoting Restatement (Second) of Torts § 566 (1976)).  "Whether a statement constitutes a protected opinion or an actionable statement of fact is a question of law that [the Court] may determine on a motion to dismiss."  *Id.* (citations omitted).  In this case, Walker's alleged statement that Plaintiff "was a safety threat to the [Refinery]," *Amended Complaint* [#17-1] at 4, is an opinion, but it clearly implies that Walker formed his opinion of Plaintiff based on undisclosed facts.  *See id.*  In other words, Walker's alleged statement is a "deductive opinion" that implies factual assertions that may be proven false.  *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 853 (10th Cir. 1999).  Thus, Walker's statement is not a pure opinion that cannot support a defamation claim.

**(d)      Qualified Privilege**

Defendants contend that Walker's alleged statement to Oliver was a "qualified privileged communication," i.e., one "that [was] fairly made by a person in the discharge of some public or private duty, whether moral or legal, or in the conduct of his own affairs and in matters where his interest is concerned." *Sunward Corp. v. Dun & Bradstreet, Inc.*, 568 F. Supp. 602, 607 (D. Colo. 1983). The Colorado Court of Appeals has discussed qualified privilege in the context of workplace communications as follows:

> If the persons involved share common interests in the subject matter of an allegedly defamatory statement, a qualified privilege exists. Employers and employees share a common interest in information concerning the work performance and status of personnel. Thus, . . . [an evaluation of an employee's performance is] subject to a qualified privilege.

*Price v. Conoco, Inc.*, 748 P.2d 349, 350-51 (Colo. Ct. App. 1987) (citations omitted). A "qualified privilege will be lost if the plaintiff shows that the privilege has been abused." *Id.* at 351 (citations omitted). In other words, if one employee makes a negative statement about the job performance of another employee to their employer, the statement is privileged unless it "is actuated *primarily* for purposes other than the protection of the interest for which the privilege was given." *Id.* (citations omitted) (emphasis original). The question of whether an employee has abused his qualified privilege to discuss another employee's job performance "is normally a question of fact; however, the Court may determine the question as a matter of law if the [allegedly] defamatory language, together with the admitted facts, is such that it must have been used honestly and in good faith by the defendant." *Id.* (citations omitted).

In this case, Walker allegedly told Oliver that Plaintiff "was a safety threat to the [Refinery], [and] his performance and capability [were] unprofessional." *Amended Complaint* [#17-1] at 4. This is the type of communication that is typically subject to a

qualified privilege. *Price*, 748 P.2d at 350-51. Defendants characterize the communication as follows:

> Walker was a senior planner on the Suncor turnaround project. As a result of reviewing Plaintiff's work [in this position], Walker purportedly advised Suncor of his concerns regarding Plaintiff's abilities and work product. If Walker indeed made the statements to Suncor of which Plaintiff complains, [he] was simply doing his job. Given Walker's position as a senior planner at an operational oil refinery, public policy and moral concerns for public safety demand that Walker be free and encouraged to make honest assessments of the job performance of personnel such as Plaintiff who may contribute to the unsafe operation of such inherently dangerous facilities.

*Motion to Dismiss* [#25] at 11.

Plaintiff alleges that Walker's statement to Oliver was not in fact an honest assessment, but a "premeditated attack," *Response* [#29] at 1, made in retaliation for filing the harassment complaint. Essentially, Plaintiff alleges that Walker abused – and thus negated – his qualified privilege to discuss Plaintiff's job performance with Oliver. The Court finds that Plaintiff has adequately alleged that Walker's statement was "actuated *primarily* for purposes other than the protection of the interest for which" he was given a qualified privilege. *Conoco*, 748 P.2d at 351 (emphasis original). Although the language of Walker's alleged statement clearly relates to Plaintiff's job performance and invites Oliver to investigate so as to ensure the safety of all employees and the public, the Court finds that Walker's motive for making the statement is not clear as a matter of law. Thus, at this juncture, the Court must accept Plaintiff's allegations as true. Accordingly, the Court concludes that Plaintiff has sufficiently pled a defamatory statement that is outside of the scope of Walker's qualified privilege.

### (3)    Plaintiff's Retaliation Claim Against Walker

Plaintiff alleges that Walker violated Colo. Rev. Stat. §§ 24-34-402, 24-50.5-103, and

8-4-120 by making the allegedly defamatory statement discussed above in retaliation for Plaintiff's filing of a harassment complaint on November 9, 2010. *See Amended Complaint* [#17-1] at 8 ("These accusations were [in] fact made after the Formal Complaint made by Plaintiff [regarding Walker] and [were] all a retaliation against Plaintiff."). Defendants contend that Plaintiff has not alleged a cognizable violation of any of the three statutes because he has not alleged that Walker retaliated against him for engaging "in protected opposition to discrimination." *Motion to Dismiss* [#25] at 8-9. Defendants argue that "Plaintiff's opposition to Walker's [alleged] harassment – purportedly raised in a 'formal complaint' that was not attached to the Amended Complaint – concern[ed] a dispute over his job performance." *Id.* at 9. Thus, Defendants argue, Plaintiff's formal harassment complaint was not made "to protect against discrimination." *Id.* Accordingly, they conclude that any allegedly retaliatory actions by Walker did not violate Colo. Rev. Stat. §§ 24-34-402, 24-50.5-103, and 8-4-120. *See id.*

Again, the Court agrees with Defendants and finds that Plaintiff has failed to state a claim of unlawful retaliation. As an initial matter, Plaintiff has failed to state a claim under Colo. Rev. Stat. § 24-50.5-103 because the statute applies only to state employees. *See Motion to Dismiss* [#25] at 5-6; *Lanes v. O'Brien*, 746 P.2d 1366, 1370 (Colo. Ct. App. 1987) (indicating that section 24-50.5-103(1) applies only to a state employee). Plaintiff has not alleged that he was a state employee. Therefore, he has not stated a claim under the statute. Moreover, Plaintiff has not alleged that Walker initiated or administered any disciplinary action against him on account of his disclosure of information. *See* Colo. Rev Stat. 24-50.5-103(1) (providing that "no appointing authority or supervisor shall initiate or administer any disciplinary action against an employee on account of the employee's

disclosure of information"). Plaintiff alleges only that Walker made a statement to Oliver concerning his job performance. Making this statement is not the equivalent of initiating or administering a disciplinary action. Further, Plaintiff does not clearly allege that his employment was terminated or that any specific disciplinary action was taken against him as a result of Walker's statement to Oliver. *See Response* [#29] at 2 (stating that Plaintiff "was not terminated by Global Management" because of Walker's statement to Oliver, but "he was asked to leave the Refinery on grounds of there being a physical altercation."); *see also State Personnel Bd. v. Lloyd*, 752 P.2d 559, 563 (Colo. 1988) ("In enacting section 24-50.5-103 the General Assembly created a noncontractual, statutory action for *retaliatory discharge* that is tortious in nature." (citations omitted) (emphasis added)).

Plaintiff has also failed to state a claim under Colo. Rev. Stat. §§ 24-34-402 and 8-4-120. The latter statute provides that no employer shall "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint . . . regarding afforded protections under [Title 8, Article 4]." Colo. Rev Stat. § 8-4-120. Title 8, Article 4 of the Colorado Revised Statutes affords protections related to payment of wages. *See* Colo. Rev. Stat. § 8-4-101, *et seq.* Plaintiff has not alleged that his formal harassment complaint related to the payment of wages. Thus, Walker's allegedly defamatory statement to Oliver was not made in retaliation for Plaintiff's filing of a complaint "regarding afforded protections" under Title 8, Article 4. Accordingly, Plaintiff has not stated a claim under Colo. Rev. Stat. § 8-4-120.

Finally, Plaintiff has not stated a retaliation claim against Walker under Colo. Rev. Stat. § 24-34-402 for the same reasons that he has not stated a claim for harassment against Walker under the statute. Plaintiff alleges that Walker's statement to Oliver was

made in retaliation for Plaintiff's filing of a harassment complaint against Walker. But Plaintiff's complaint against Walker was not predicated on "discriminatory or unfair" harassment as a result of Plaintiff's "race, national origin, sex, sexual orientation, disability, age, or religion." *See supra* Part III(1). Thus, the harassment complaint was not "protected opposition to discrimination." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004). Therefore, even if Walker's statement to Oliver was made in retaliation for Plaintiff's filing of the harassment complaint, it did not violate Colo. Rev. Stat. § 24-34-402. *See Stover*, 382 at 1071 ("To state a prima facie case of retaliation, [a plaintiff] must demonstrate that: (1) she engaged in protected opposition to discrimination; (2) [her employer] took an adverse employment action against her; and (3) there exists a causal connection between the protected activity and the adverse action."). Moreover, Plaintiff does not clearly allege that his employment was terminated or that any specific adverse action was taken against him as a result of Walker's statement to Oliver. *See Response* [#29] at 2. Accordingly, the Court concludes that Plaintiff's retaliation claim against Walker should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### (4) Plaintiff's Employer Liability Claim

Plaintiff alleges that Walker's employer, Universal, is liable for Walker's antagonism and creation of a hostile work environment. *See Amended Complaint* [#17-1] at 6 ("Universal Personnel is responsible for their employees['] actions upon any job or workplace. It is [their] responsibility to make sure that [their] employees act appropriately on the jobsite as to the conditions, rules and regulations within the workplace."). Because the Court has already found that Walker's alleged antagonism and creation of a hostile work environment is not actionable, *see supra* Part III(1), Plaintiff's claim against Universal

must also be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). *See Arnold By & Through Valle v. Colo. State Hosp., Dep't of Inst.*, 910 P.2d 104, 107 (Colo. Ct. App. 1995) ("Because an employer cannot be liable under the doctrine of *respondeat superior* unless the employee is liable, i.e., the employer's liability is only derivative in nature, it is generally agreed that the release of an employee releases the employer." (citations omitted)).

### (5) Plaintiff's Retaliation Claim Against Oliver

Plaintiff alleges that Oliver violated Colo. Rev. Stat. §§ 24-34-402, 24-50.5-103, and 8-4-120 by assisting Walker in retaliating against him for filing the formal harassment complaint. *See Amended Complaint* [#17-1] at 6 ("Mr. Oliver never once made any attempt to ask any questions, investigate the complaint or anything else."); *id.* at 7 ("Mr. Oliver took sides and ignored the formal complaint from Plaintiff of the harassment [by Walker], and assisted in the retaliation[.]"). For the same reasons discussed above in Part III(3) of this Recommendation, the Court finds that Plaintiff has failed to state a claim under any of the three statutes. Accordingly, the Court concludes that Plaintiff's retaliation claim against Oliver should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants' Motion to Dismiss [#25] be **GRANTED in part**. Accordingly,

I further **RECOMMEND** that all of Plaintiff's claims against Universal and Oliver and his harassment and retaliation claims against Walker be **DISMISSED with prejudice**.

I further **RECOMMEND** that Defendants' Motion to Dismiss be **DENIED** with respect to Plaintiff's defamation claim against Walker.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: April 7, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge