IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02973-WYD-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

RAY WALKER,
UNIVERSAL PERSONNEL,
and ROD OLIVER,

    Defendants.

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

    THIS MATTER is before the Court in connection with Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint filed February 28, 2011.  The motion was referred to Magistrate Judge Mix pursuant to an Order of Reference of December 10, 2010, and Memorandum dated March 1, 2011.  A "Recommendation of United States Magistrate Judge" was filed on April 7, 2011, and is incorporated herein by reference.

    By way of background, Plaintiff is proceeding *pro se*.  As set forth in the Recommendation, Plaintiff's Amended Complaint alleges that he was employed by Global Management at the time of the events at issue. (Recommendation at 3.)  On or about September 1, 2010, Global Management contracted with Suncor Refinery to supply Plaintiff to work at the Refinery.  (*Id.*)  At that time, Suncor Refinery also had a

labor supply contract with Universal Personnel. (*Id.*) Pursuant to this contract, Universal Personnel supplied Defendant Walker to work at the Refinery. (*Id.*) Defendant Oliver was employed directly by Suncor as a manager. (*Id.*) Plaintiff alleges that Walker antagonized him and created a hostile work environment in an effort "to rid the Suncor Refinery of Plaintiff" and other Global Management employees. On November 9, 2010, Plaintiff submitted a formal written complaint to Oliver regarding Walker's behavior. (*Id.*) Shortly thereafter, Plaintiff's employment at Suncor Refinery ended. (*Id.*) It is unclear from the Amended Complaint whether Plaintiff voluntarily left the job, Suncor asked Plaintiff to leave, or Plaintiff's employer [Global Management], terminated him. (*Id.*) Plaintiff states in his response to the motion to dismiss that he "was not terminated by Global Management, he was asked to leave the Refinery on grounds of there being a physical altercation stated [sic] by Rod Oliver . . . ." (Mot. to Object to Dismissal, ECF No. 29, at 2.)

Magistrate Judge Mix recommends that Defendants' motion to dismiss be granted in part and denied in part. Specifically, she finds that Plaintiff has not stated a cognizable claim against Defendant Walker for harassment, unlawful retaliation, or violations of the state constitution or specified state statutes. (Recommendation at 6-7, 12-15.) Thus, she recommends that the motion to dismiss be granted as to such claims. She recommends that the motion to dismiss be denied, however, as to the defamation claim against Walker. That claim alleges that Walker told his supervisor Defendant Oliver that Plaintiff "was a safety threat to the [Refinery], [and] his performance and capability [were] unprofessional." (*Id.* at 7-12.)

Magistrate Judge Mix also recommends that Plaintiff's employer liability claim against Universal Personnel, alleging that it is liable for Walker's antagonism and creation of a hostile work environment, be dismissed with prejudice pursuant to Rule 12(b)(6). (Recommendation at 15-16.) Finally, she recommends that the retaliation claim against Defendant Oliver be dismissed. (*Id.* 16.)

The Recommendation advised the parties that written objections were due within fourteen (14) days after service thereof, and that the failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge. (Recommendation at 17.) Plaintiff filed a Motion to Object on April 12, 2011, which I will construe as an objection even though it is not styled as such.[1] Defendants objected to the Recommendation only to the extent that it does not address their request for attorneys' fees.

After Plaintiff's initial "Motion to Object" was filed, he then filed an "Amended Motion to Object" on April 21, 2011 and another "Motion to Object" on April 22, 2011. These two motions are denied as improper. The "Amended Motion to Object" does not assert objections to the Recommendation. Instead, it seeks to add a new claim for relief in the case. This is improper, as new claims or allegations can only be added through the filing of a motion to amend the complaint which must be granted by the Court. The second "Motion to Object" appears to be a response to Defendants' Objection seeking

---

[1] Henceforth, I will strike any document entitled a "Motion to Object", as this type of motion is not proper. If a recommendation or order is issued by Magistrate Judge Mix to which Plaintiff is entitled to object, Plaintiff must file a document styled as an "Objection" within the time limits stated in the recommendation or order. Supplemental or amended objections will not be considered without leave of Court.

-3-

attorneys' fees.  Such a response is not properly filed in the form of a motion.  Further, responses to objections to recommendations are not permitted absent leave of court.

I now turn to Plaintiff's objections.  Plaintiff objects to the dismissal of the claims against Defendants Universal Personnel and Oliver.  He asserts "that the Company or Employer of Ray Walker is directly responsible for the acts of its employees" and that Universal Personnel and Oliver were aware of the internal issues with Suncor employees, including Mr. Walker, and did not conduct any investigation or take any action.  (Mot. to Object, ECF No., 41, at 1.)  He also asserts that he was retaliated against by Universal Personnel and Oliver after he complained to Oliver about Walker's conduct, and that they should be accountable for actions that violate the rules and regulations of Suncor.  (*Id.* at 1-8.)  Further, he argues that Universal Personnel should be liable for the defamation of its employee Walker.  I sustain in part and overrule in part these objections.

I first address the employer liability claims against Universal Personnel.  Plaintiff's arguments in his objections are not relevant to the dismissal of these claims.  That is because Magistrate Judge Mix recommended dismissing the employer liability claims against Universal Personnel on the basis that the underlying employment claims against its employee, Defendant Walker, were not actionable.  (Recommendation at 15.)  If the underlying employment claims are not viable, there can be no employer liability. Plaintiff has not shown how the findings on this issue in the Recommendation  were erroneous.  Moreover, it does not appear that Plaintiff even objected to the dismissal of the underlying employment claims.  I find that the recommendation to deny the

underlying employment claims against Walker and the employer liability claims against Universal Personnel is thorough and well reasoned, and agree with Magistrate Judge Mix that Plaintiff failed to establish the elements of these claims.  Accordingly, I overrule Plaintiff's objections regarding these claims.

I also overrule Plaintiffs' objections to the dismissal of Defendant Oliver, finding no merit to them.  I agree with Magistrate Judge Mix that Plaintiff failed to show that the elements of a retaliation claim were met.  As she notes in the Recommendation, Plaintiff alleges that Walker made a statement to Oliver concerning his job performance.  (Recommendation at 14).  This statement is not the equivalent of initiating or administering a disciplinary action.  (*Id.*)  Further, Plaintiff does not allege that his employment was terminated or that any specific disciplinary action was taken against him as a result of Walker's statement to Oliver.  (*Id.*)  Indeed, he stated that he was asked to leave the Refinery on grounds of there being a physical altercation, not because of the statement made to Oliver.  (*Id.*)  Finally, Plaintiff has failed to establish liability under the state statutes he cites in support of his retaliation claim.  (*Id.* at 13-14).

However, I sustain Plaintiff's objection to the extent it relates to the dismissal of the defamation claim against Universal Personnel, as employer of Walker.  Since defamation is a state law claim, I must look to state law to determine whether a defamation claim against an employer for an alleged defamatory statement made by an employee is actionable.  It appears that such a claim may be actionable under Colorado law under either a theory of vicarious liability (*respondeat superior*) or negligent training. *See Gordon v. Boyles*, 99 P.3d 75, 81-82 (Colo. Ct. App. 2004); *Gallagher v. Bd. of*

*Trustees*, 18 P.3d 837, 843 (Colo. Ct. App. 2000), *aff'd in part and rev'd in part on other grounds*, 54 P.3d 386 (Colo. 2002); *Williams v. Continental Airlines, Inc.*, 943 P.2d 10, 16 (Colo. Ct. App. 1996); *see also Wright v. University of Utah*, 876 P.2d 380, 391 (Utah App. 1994) (noting that common rules of agency and respondeat superior should be applied to determine the employer's liability, if any, for an alleged defamatory statement made by an employee); *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1556 (10th Cir. 1995).

The record is not adequately developed in this case as to whether either these theories of liability apply to Universal Personnel, and it was not briefed by the parties. It also was not specifically addressed in the Recommendation. Accordingly, I reject the Recommendation to the extent it recommends dismissal of the defamation claim against Universal Personnel. I also find that the motion to dismiss should be denied as to this claim.

I now turn to Defendants' Objection to the Recommendation. As noted previously, Defendants object to the Recommendation only to the extent it does not address their request for attorney's fees. Defendants did not object to the recommendation to deny the motion to dismiss as to the defamation claim. No objections having been filed as to that portion of the Recommendation,  am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate.*"* *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). Though not required to do so, I review the Recommendation to

"satisfy [my]self that there is no clear error on the face of the record."[2]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.  I am satisfied that there is no clear error on the face of the record in regard to the defamation claim.  Magistrate Judge Mix's analysis of the claim was thorough and well reasoned and I agree with her findings.

The substance of Defendants' objection is that Magistrate Judge Mix failed to consider their request for attorney fees.  They argue that the Court should accept the recommendation that the majority of claims be dismissed and award Defendants their reasonable attorney's fees under Title VII and Colo. Rev. Stat § 13-17-102, excluding any fees and costs specifically related to Plaintiff's defamation claim against Walker.  Defendants assert that fees should be awarded since they had to defend against the frivolously filed and vexatiously maintained employment claims.

I overrule this objection.  Unlike the portion of Defendants' motion seeking to dismiss the case, the request for attorneys' fees and costs made within the motion is not a dispositive matter.  Accordingly, I must review Magistrate Judge Mix's Recommendation on this issue to determine whether it is "clearly erroneous or contrary to law".  Fed. R. Civ. P. 72(a).  "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1996) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

---

[2]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Magistrate Judge Mix noted in the Recommendation that she reviewed "the pleadings, the entire case file, and the applicable law" in connection with her analysis of Defendants' motion.  From this, it is apparent that she considered the request for attorneys' fees in the motion and did not find Defendants' request for attorneys' fees to be meritorious since she did not award, or even consider awarding, fees.  I find that this is not clearly erroneous or contrary to law.  Magistrate Judge Mix properly exercised her discretion in choosing not to award fees, and I see no error or violation of law in connection with same.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge dated April 7, 2011, is **AFFIRMED IN PART AND REJECTED IN PART**.  It is **REJECTED** only to the extent it recommends dismissal of the defamation claim against Defendant Universal Personnel and is **AFFIRMED** in all other respects.  In accordance with this finding, it is

ORDERED that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint filed February 28, 2011 (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART**.  It is **GRANTED** as to the employer liability claims against Defendant Universal Personnel and as to the claim(s) against Rod Oliver.  Mr. Oliver is dismissed from the case and his name shall hereafter be taken off the caption. The Motion to Dismiss is also **GRANTED** as to the claims against Defendant Ray Walker with the exception of the defamation claim, and those claims are **DISMISSED WITH**

**PREJUDICE**.  The Motion to Dismiss is **DENIED** as to the defamation claim against Defendant Walker and Universal Personnel.  It is

FURTHER ORDERED that Plaintiff's Objections in his "Motion to Object" filed April 12, 2011 (ECF No. 38) are **SUSTAINED IN PART AND OVERRULED IN PART** as set forth in this Order.  It is

FURTHER ORDERED that Plaintiff's "Amended Motion to Object" filed April 21, 2011 (ECF No. 40) and "Motion to Object" filed April 22, 2011 (ECF No. 41) are **DENIED**.  Finally, it is

ORDERED that "Defendants' Objection to the Recommendation of United States Magistrate Judge - Request for Attorney Fees" filed April 21, 2011 (ECF No. 39) is **OVERRULED**.

Dated:  May 6, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge