IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02973-WYD-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

RAY WALKER, and
UNIVERSAL PERSONNEL,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion to Amend** [Docket No. 74; Filed November 9, 2011] (the "Motion"). The Court interprets the section of the Motion titled "Relief" as a request for amendment of the Amended Complaint to include certain types of damages, including damages and factual allegations against Suncor Energy, to Plaintiff's Amended Complaint. Plaintiff labels his Motion as one brought pursuant to Fed. R. Civ. P. 61;[1] however, the addition of a new defendant to a lawsuit by the plaintiff is properly governed by Rule 15(a). In consideration of Plaintiff's *pro se* status, the Court thus construes the Motion as a request for leave to file a Second Amended Complaint. Plaintiff did not include a proposed Second Amended Complaint for Defendants' and the Court's review, nor did Plaintiff comply with D.C.COLO.LCivR 7.1A., which alone is a basis for denial of the Motion.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**. If Plaintiff is seeking leave to file a Second Amended Complaint, he must file a motion which complies with the federal and local rules (including Rule 7.1A.) and which includes the proposed Second Amended Complaint as a document separate from the Motion. Plaintiff is warned that the proposed Second Amended Complaint must <u>not</u> contain any previously dismissed claims or defendants. Any proposed Second Amended Complaint which does not comply with this Minute Order will be summarily stricken.

    Dated: November 10, 2011

---

[1] Rule 61 governs harmless error and prescribes that no error provides grounds for "granting a new trial, for setting aside a verdict, or for vacating . . . a[n] order," in the absence of an effect on any party's substantial rights. The purpose of this Rule arises from the goal of the federal judiciary to issue "decisions on the merits, rather than determinations that turn on technicalities." 4 Charles Alan Wright *et al.*, Fed. Prac. & Proc. Civ. § 1029 (3d ed.). Nothing in Plaintiff's Motion indicates that this Rule is the appropriate or applicable authority for the relief Plaintiff requests.