IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02973-WYD-KLM

RONALD J. NAGIM,

    Plaintiff,

v.

RAY WALKER, and
UNIVERSAL PERSONNEL,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion to Amend** [Docket No. 80; Filed November 14, 2011] (the "Motion").  Plaintiff includes a proposed Second Amended Complaint within the text of the Motion.  In consideration of Plaintiff's *pro se* status, the Court construes the Motion liberally.  It appears to the Court that Plaintiff seeks the addition of Suncor Energy as a defendant, as well as the resuscitation of his claim asserting retaliation.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**.  As the Court has instructed Plaintiff in at least two prior Minute Orders [##68, 77], if Plaintiff is seeking leave to file a Second Amended Complaint, he must file a motion which complies with the federal and local rules (including Rule 7.1A.) and which includes the proposed Second Amended Complaint as a document separate from the Motion.  Here, although Plaintiff states that the Motion complies with Rule 7.1A., Plaintiff does not include a statement of conferral or any indication as to whether Defendants oppose the relief requested.  Moreover, the Motion contains the Second Amended Complaint within its text, and Plaintiff provides no legal authority or description of the facts in support of his request to amend.  *See* D.C.COLO.LCivR 7.1C. ("a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion.").

    Furthermore, the Court previously warned Plaintiff that any proposed Second Amended Complaint which contains any previously dismissed claims or defendants will be summarily stricken. The Court construes Plaintiff's proposed Second Amended Complaint to add a retaliation claim against a new defendant, Plaintiff's previous employer Suncor

Energy.  In Chief Judge Daniel's Order issued May 6, 2011, the Court evaluated Plaintiff's previously stated claim of retaliation as related to his employment with Suncor Energy.  The Court found that "Plaintiff failed to show that the elements of a retaliation claim were met . . . [Plaintiff] stated that he was asked to leave the Refinery on grounds of there being a physical altercation, not because of the [allegedly defamatory] statement made to Oliver." [#45] at 5.  Thus, it appears to the Court that Plaintiff is improperly attempting to resuscitate a previously-dismissed claim in the Motion at issue.  Again, any proposed Second Amended Complaint which contains any previously dismissed claims or defendants will be summarily stricken.

      Dated:  November 15, 2011