IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02973-WYD-KLM

RONALD J. NAGIM,

     Plaintiff,

v.

RAY WALKER, and
UNIVERSAL PERSONNEL,

     Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Plaintiff's Unopposed Motion to Amend Complaint** [Docket No. 98; Filed December 12, 2011] and **Plaintiff's Motion to Dismiss** [Docket No. 99; Filed December 12, 2011] (collectively, the "Motions").

     IT IS HEREBY **ORDERED** that the Motions are **DENIED WITHOUT PREJUDICE** for the following reasons.

     First, Plaintiff fails to comply with D.C.COLO.LCivR 7.1A. in either Motion.  Although the Motion to Amend is titled as "Unopposed," Plaintiff does not outline his efforts to confer with counsel for Defendants as required by the Rule.  Plaintiff is cautioned that Rule 7.1A. requires "meaningful negotiations" by the parties.  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003).  Plaintiff is further warned that he must, at all times, be truthful in his representations to the Court, at risk of the imposition of sanctions.  In the future, Plaintiff must explain his efforts to confer and the result of those efforts.

     Second, Plaintiff brings his Motion to Amend pursuant to Fed. R. Civ. P. 61.  As previously explained to Plaintiff, Rule 61 governs harmless error and prescribes that no error provides grounds for "granting a new trial, for setting aside a verdict, or for vacating . . . a[n] order," in the absence of an effect on any party's substantial rights.  The purpose of this Rule arises from the goal of the federal judiciary to issue "decisions on the merits, rather than determinations that turn on technicalities."  4 Charles Alan Wright *et al.*, Fed. Prac. & Proc. Civ. § 1029 (3d ed.).  Nothing in Plaintiff's Motion indicates that this Rule is the appropriate or applicable authority for the relief Plaintiff requests.  *See Minute Order* [#77].  Leave to amend is generally sought pursuant to Fed. R. Civ. P. 15(a)(2).

Third, the Court has informed Plaintiff on multiple occasions that if he intends to seek leave to file a Second Amended Complaint, he must file a motion which complies with the federal and local rules (including Rule 7.1A.) and which includes the proposed Second Amended Complaint as a document separate from the Motion. The Second Amended Complaint may not resuscitate any previously dismissed claims or defendants. *See Minute Orders* [##77, 89].

Fourth, if Plaintiff intends to dismiss any claims in or this entire matter, he must first confer with counsel for Defendants and inform the Court in a motion filed pursuant to Fed. R. Civ. P. 41(a)(2) whether Defendants oppose the voluntary dismissal of those claims or this lawsuit by court order.

Dated:  December 13, 2011